UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:24-cr-00219 |
| | ) | |
| | ) | Judge Newbern |
| ORANTEEZE MOODY | ) | |

**<u>UNITED STATES' MOTION FOR A DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT</u>**

The United States of America by Robert E. McGuire, Acting United States Attorney for the Middle District of Tennessee, and Zachary T. Hinkle, Assistant United States Attorney, moves this Court for detention of the Defendant under 18 U.S.C. § 3142(f)(1)(B) & (C).

Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community. . . upon motion of the attorney for the Government" in a case, that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)" or "any felony . . . that involves possession or use of a firearm." 18 U.S.C. § 3142(f)(1)(C), (E).

Both of the charges in the indictment satisfy § 3142(f)(1)'s requirements for a detention hearing. Count One alleges that the Defendant unlawfully possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), which carries a maximum term of 20 years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(C). Further, Count Two alleges that the Defendant possessed a firearm after being convicted of a felony. *See* 18 U.S.C. § 922(g)(1).

Additionally, at the hearing there will be a rebuttable presumption in favor of detention given that the Defendant has been charged with, as discussed, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." The United States intends to rely on that presumption at the detention hearing.

In this case, the Court should detain the Defendant. On February 21, 2024, while on parole for a drug-trafficking felony, officers stopped the car the Defendant was driving. They searched the car and found a loaded firearm inside along with a small amount of marijuana, both of which the Defendant admitted belonged to him. As the officers were searching the car, the Defendant discarded a bag containing over 20 grams of fentanyl. But the officers found this bag, which was sitting on top of a fence post where the Defendant had been standing.

No set of conditions will assure the Defendant's appearance in court as required or the safety of the community. The United States therefore moves the Court for an order of detention in this case. The United States respectfully requests that, should a hearing be necessary, the Court grant the United States a continuance in this matter of three days so that the United States may adequately prepare for the hearing on this motion.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney

 /s/ Zachary T. Hinkle
ZACHARY T. HINKLE
Assistant United States Attorney
719 Church Street, Ste 3300
Nashville, Tennessee 37203
615-736-5151
Zachary.Hinkle@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing will be filed electronically via CM/ECF and served on the Defendant's counsel after counsel is appointed on the January 6, 2024.

*/s/ Zachary T. Hinkle*
ZACHARY T. HINKLE
Assistant United States Attorney
